[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10213
Non-Argument Calendar

_____

D.C. Docket No. 3:10-cr-00276-MMH-TEM-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,


versus


BILLY JAMES HARPER,
a.k.a. "BJ",

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 5, 2014)

Before TJOFLAT, JORDAN and FAY, Circuit Judges.

PER CURIAM:

Pursuant to a plea agreement, Billy James Harper pled guilty to Count One of a multi-count indictment, which alleged, in Count One, that he and five others were employed by and associated with a criminal enterprise, the "Guardians," and unlawfully participated in the affairs of the enterprise through a pattern of racketeering activity, in violation of the Racketeering Influenced and Corrupt Organizations Act, specifically 18 U.S.C. § 1962(c).  According to the plea agreement, Harper committed acts of racketeering by:

> (1) knowingly, intentionally, and maliciously threatening injury to a person with the intent to cause that person to do an act against his will in violation of Sections 836.05, 775.082, 775.087, 777.011, Florida Statutes(Racketeering Act One); (2) knowingly, willfully, and intentionally selling or delivering anabolic steroids, a Schedule Ill controlled substance in violation of Sections 893.13(1)(a)2, 775.082, and 775.083, Florida Statutes (Racketeering Acts Nine, Ten, and Seventeen); and (3) knowingly entering a dwelling with the intent to permanently or temporarily deprive a person or owner of money or other property, and in the course of the taking using force, violence, assault, or putting in fear, and further in the course of the taking carrying or using a firearm in violation of Sections 812.13, 812.135(1), 812.135(2)(a), 775.082, 775.083, 775.087, 777.011, Florida Statutes (Racketeering Act Fourteen).

Plea agreement at 2.  The District Court accepted Harper's plea and sentenced him to prison for a term of 100 months, within the applicable sentence range under the Sentencing Guidelines, 84-105 months imprisonment.[1]

---

[1] A total offense level of 23 and a criminal history category V yielded a sentence range of 84-105 months' imprisonment.  The maximum penalty prescribed by statute is life imprisonment. 18 U.S.C. § 1963(a).

Although the plea agreement Harper signed contains an appeal-waiver provision, he appeals the District Court's judgment.  Harper claims that the Government breached the plea agreement by recommending, under U.S.S.G. § 5K1.1, that the court reduce his offense level by four levels, instead of twelve, and that the court impose a sentence at the high-end of the Guidelines sentence range, 105 months' imprisonment.  He also claims that his sentence of 100 months constitutes cruel and unusual punishment in violation of the Eighth Amendment.

Harper did not assert these claims in the District Court; rather, he presents them for the first time in this appeal.  To prevail, Harper must convince us that the District Court committed plain error in failing to recognize that the Government breached the plea agreement as he contends, and in sentencing him to prison for 100 months.  *See United States v. Smith*, 459 F.3d 1276, 1282-83 (11th Cir. 2006).

> [A]n appellate court may, in its discretion, correct an error not raised at trial only where the appellant demonstrates that (1) there is an "error"; (2) the error is "clear or obvious, rather than subject to reasonable dispute"; (3) the error "affected the appellant's substantial rights, which in the ordinary case means" it "affected the outcome of the district court proceedings"; and (4) "the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States,* 556 U.S. 129, ——, 129 S.Ct. 1423, 1429, 173 L.Ed.2d 266 (2009) (internal quotation marks omitted).

*United States v. Marcus*, 560 U.S. 258, 262, 130 S.Ct. 2159, 2164, 176 L.Ed.2d 1012 (2010).

Harper points to nothing in the plea agreement that made it "clear or obvious" that the Government's conduct during the sentencing hearing constituted a breach of the agreement; nor does he cite any precedent that would have made it plain to the court that it was obligated to read through the plea agreement during the sentencing hearing to ensure that the Government was not breaching any of its terms.  In short, the Government's conduct did not constitute error, much less plain error.  As for his Eighth Amendment claim, Harper cites nothing for the proposition that a 100 months' sentence that is below statutory maximum penalty and the applicable Guidelines sentence range violates the Amendment.

AFFIRMED.